**Barbara RICHARDS, Plaintiff–Appellant,**

v.

**SANDUSKY COMMUNITY SCHOOLS and James R. Nolan, Superintendent, Defendants–Appellees.**

No. 00–1705.

United States Court of Appeals, Sixth Circuit.

Nov. 14, 2001.

Before NELSON, DAUGHTREY, and MOORE, Circuit Judges.

PER CURIAM.

The plaintiff, Barbara Richards, was formerly a school bus driver for the defendant school system, working under defendant James Nolan. When she moved to a different community and was not hired as a school bus driver there, allegedly based on negative information in her Sandusky Schools employment file supplied by Nolan in response to a request from the prospective employer, she sued Nolan and the Sandusky school system, claiming a violation of 42 U.S.C. § 1983, based upon her First Amendment rights; a violation of the Michigan Whistleblowers Protection Act, Mich. Comp. Laws § 15.362; and defamation under Michigan state law.

The plaintiff's difficulties with her former employer arose from some incidents of "spitting" by a handicapped child who regularly rode Richards's school bus. When, after various meetings that included school officials, Richards, and the child's parents, the matter was not resolved to the plaintiff's satisfaction and the child in question was permitted to continue riding the plaintiff's bus, her husband called many of the other parents whose children also rode the bus to warn them of what he and his wife conceived to be a health hazard. Defendant Nolan, hearing of the telephone calls, suspended Richards without pay for three days, premised on the unauthorized use of a confidential listing of the families whose children rode the plaintiff's bus. Information regarding the three-day suspension was later released to the plaintiff's prospective employer, pursuant to a waiver that the plaintiff signed following her resignation from the Sandusky school system that permitted the release of any reports in her employment file, including negative ones. As a result, Richards claims, she was denied employment in the new school district.

In granting summary judgment to the defendants, the district court held, first, that the § 1983 claim based on violation of the plaintiff's asserted First Amendment rights could not be sustained because, although the speech involved was protected, the disciplinary action taken by Nolan was based on the plaintiff's violation of the school system's confidentiality rule, not her complaint about the child's spitting. The court also noted that if there were retaliation, it was only the subsequent employer, not the defendants, who could be said to have retaliated against the plaintiff. Second, the district court held that the claim under the Whistleblower Protection Act was time-barred because the complaint was not filed within 90 days of the plaintiff's resignation from the Sandusky school system. Finally, the court dismissed the defamation claim both for failure to show that the information released was false and because the plaintiff had signed a release permitting disclosure of all information in her employment records.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion dated May 18, 2000.